UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAJOR A. GREEN                                         CIVIL ACTION NO. 06-CV-2253

VERSUS                                                 JUDGE WALTER

MARVIN SEETS                                           MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Major Green ("Plaintiff") filed this civil rights action against Shreveport police officer Marvin Seets ("Defendant") based on allegations that Defendant pistol-whipped Plaintiff and threatened to kill him during the course of an arrest for burglary. Before the court is Defendant's Motion to Dismiss (Doc. 26) based on Plaintiff's failure to give his deposition as ordered by the court.

The first effort to take Plaintiff's deposition was in October 2007. Defendant obtained leave of court to depose Plaintiff, who was an inmate at the Bossier Work Release Facility, and the deposition was set for November 5, 2007. Plaintiff stated that he did not wish to give his deposition that day because he was attempting to get an attorney. Plaintiff had moved the court for appointment of counsel, which was denied, but he said he hoped to hire an attorney after he was released from custody on February 22, 2008. The deposition ended.

Defense counsel later moved for an order to compel Plaintiff to provide his deposition. The undersigned issued an order (Doc. 25) that Plaintiff cooperate in discovery by testifying

at his deposition. The order noted that the action had been pending for over a year and: "If Plaintiff refuses to give his deposition, the lawsuit will be dismissed."

The second attempt at a deposition was conducted in January 2008. Plaintiff testified that his wife had hired a lawyer for him. Defense counsel asked for the attorney's name, and Plaintiff stated: "I don't know the name. I ain't supposed to give the information out." Plaintiff later stated, "I don't know which lawyers do she have." He also said the attorney was reviewing the case and, "My lawyer told me not to talk until he get to look at the case."

A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994). See also Butler v. Cloud, 104 Fed. Appx. 373 (5th Cir. 2004) (dismissal of prisoner's case for failure to comply with discovery obligations affirmed).

The record is clear that Plaintiff has wilfully refused to provide deposition testimony despite a direct order from the court. The action is attributable to the party rather than an attorney. Despite Plaintiff's claims that an attorney had been retained, Plaintiff's release date passed some time ago, and no attorney has made an appearance for Plaintiff. Plaintiff has also failed to update his address with the court (addressed below), file any opposition to the

motion to dismiss, or offer any explanation for his violation of a direct order. Defendant is substantially prejudiced by Plaintiff's refusal to provide basic deposition testimony about the basis for his claims; it is difficult to defend against claims without knowledge of their basis beyond the contents of the complaint. There is no reason to believe that a less drastic sanction would be effective. Plaintiff has had ample time and opportunity to attempt to resolve this issue with defense counsel, but there is no indication that he has done anything. Under these circumstances, additional orders or even monetary sanctions would almost certainly be of no effect.

The claim asserted would be time barred if the case were dismissed without prejudice, which means dismissal with or without prejudice will equally foreclose Plaintiff from asserting this claim again. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Despite the harshness of that sanction, it is warranted under the circumstances described above.

Dismissal is also appropriate because Plaintiff has failed to keep the court informed of his current address. After the court screened Plaintiff's complaint, it issued an order that the defendants respond to the complaint. The order also set forth a schedule and rules for the litigation. The order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." Doc. 8. The order is consistent with the command of Local Rule

11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

The clerk of court issued a notice of motion setting on February 1, 2008. Doc. 28. The item, addressed to the Bossier Work Release Facility, was returned as undeliverable on February 8, 2008. Doc. 29. Plaintiff was well aware of the address requirement, as evidenced by his earlier submissions of notices of change of address. See Docs. 7, 11 and 20. The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case since his release from custody, or perhaps he has been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted under these circumstances. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005). This provides an additional or alternative grounds for dismissal of Plaintiff's action.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 26) be granted and that Plaintiff's civil action be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE